# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEFFERSON JOSEPH BURGESS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-12014-FDS |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) ) | |

# MEMORANDUM AND ORDER

**SAYLOR, J.**

On November 15, 2010, petitioner Jefferson Joseph Burgess, a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of mandamus in the United States District Court for the Eastern District of Michigan. Burgess seeks an order directing the Federal Bureau of Prisons to release him from confinement, or, in the alternative, that a hearing be held either by this Court or the United States Parole Commission to determine his eligibility for release. Burgess asserts that, based on his time served, he was required to be paroled in 2002.

On November 17, 2010, United States Magistrate Judge R. Steven Whalen issued an Order Transferring Case to the District of Massachusetts, on the grounds that, although Burgess brought the case as a mandamus action with a request for a parole hearing, the matter should be construed as a habeas petition pursuant to 28 U.S.C. § 2241, as Burgess is challenging the execution of his federal sentence. As a habeas petition, the Eastern District of Michigan lacked jurisdiction because Burgess's immediate custodian is located within the District of

Massachusetts.

Burgess did not pay the $350 filing fee for mandamus actions or the $5 filing fee for habeas petitions, nor did he file a motion for a waiver of the filing fee.

**I.     Discussion**

    **A.     Construction of this Action as a Habeas Petition**

This Court agrees with Magistrate Judge Whalen that this action should be construed as a habeas petition under 28 U.S.C. § 2241 because petitioner is seeking release from custody. This Court notes that Burgess also has a pending § 2241 habeas petition in this District seeking release to home detention pursuant to the "Elderly Offender Home Detention Pilot Program," part of the Second Chance Act. *See Burgess v. Grondolsky*, Civil Action No. 10-40028-PBS. That action originally was filed by Burgess as a civil action for declaratory judgment, but was construed by Judge Saris as a habeas petition, without objection by Burgess.

Accordingly, in line with Judge Saris's Memorandum and Order, this Court will construe this action as a habeas petition unless Burgess files a written objection within 21 days, and provided that he pays the $350 filing fee for mandamus actions or files an application to proceed without prepayment of fees. *See* 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceedings *in forma pauperis*). Any *in forma pauperis* application must be accompanied by a certified prison account statement for the six-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a).

    **B.     Proper Respondent**

Burgess has named the United States as a party to this action; however, the proper respondent in this habeas action is Warden Jeffrey Grondolsky, as he is Burgess's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action).

Accordingly, unless Burgess files an objection within 21 days of the date of this order, the Clerk shall correct the docket to substitute Warden Grondolsky as the Respondent in this action.

### C. The Filing Fee

In light of the construction of this case as a habeas petition, unless Burgess files an objection within 21 days of the date of this memorandum and order, he either must pay the $5 filing fee for habeas corpus actions or file an application to proceed without prepayment of fees along with a document certifying the amount of funds on deposit to the Burgess's credit at his institution of incarceration.[1] Failure to comply with this directive may result in a dismissal of this action.

### D. Service of Petition

In view of the unresolved filing fee issue and the construction issue, the Court will not direct service of the petition at this time. If and when the filing fee issue and construction issues are resolved, a further order shall issue.

## II. Conclusion

For the foregoing reasons, it is hereby ORDERED as follows:

1. This action shall be construed as a habeas petition pursuant to 28 U.S.C. § 2241 unless petitioner files an objection within 21 days of the date of this Memorandum and Order, along with the $350 filing fee for civil actions or an application to proceed without prepayment of fees accompanied by a certified copy of his inmate account statement for the six-month period preceding the filing of this action;

---

[1] *See* Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by § 1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2). This Rule is applicable to other habeas petitions. *See* Rule 1(b)of the Rules Governing Section 2254 cases.

2. Unless petitioner files an objection to the construction of this action as a habeas petition within 21 days of the date of this Memorandum and Order, he shall pay the $5 filing fee for habeas petitions, or file an application to proceed without prepayment of fees accompanied by a certified copy of his inmate account statement;

3. Unless petitioner files an objection to the construction of this action as a habeas petition within 21 days of the date of this Memorandum and Order, the Clerk shall correct the docket to reflect that the sole respondent is Warden Jeffrey Grondolsky; and

4. The petition shall not be served pending resolution of the filing fee and construction issues.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 15, 2010