# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON JOSEPH BURGESS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. <br> 10-12014-FDS |

# MEMORANDUM AND ORDER

**SAYLOR, J.**

On November 15, 2010, petitioner Jefferson Joseph Burgess, a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of mandamus in the United States District Court for the Eastern District of Michigan (Southern Division). Burgess seeks an order directing the Federal Bureau of Prisons to release him from confinement, or, in the alternative, an order that a hearing be held either by this Court or the United States Parole Commission to determine his eligibility for release. Burgess asserts that, based on his time served, he was required to be paroled in 2002.

On November 17, 2010, United States Magistrate Judge R. Steven Whalen issued an Order Transferring Case to the District of Massachusetts on the grounds that, although Burgess brought the case as a mandamus action with a request for a parole hearing, the matter should be construed as a habeas petition pursuant to 28 U.S.C. § 2241, as Burgess is challenging the execution of his federal sentence. As a habeas petition, the Eastern District of Michigan lacked

jurisdiction because Burgess's immediate custodian is located within the District of Massachusetts.

Burgess did not pay the $350 filing fee for mandamus actions or the $5.00 filing fee for habeas petitions, nor did he file a motion for a waiver of the filing fee.

On December 15, 2010, this Court issued a Memorandum and Order construing this action as a habeas petition and directing Burgess to pay the $5.00 filing fee or seek a waiver of the fee. This Court also afforded Burgess an opportunity to object to the construction of this action as a habeas petition.

In response, on January 3, 2011, Burgess filed an Objection to Order and Motion to Correct Error. In that pleading, Burgess alleges that errors were made by the Sixth Circuit Clerk's Office. Specifically, he contends that he filed an appeal of his criminal case in May 2010, and re-filed the appeal on August 31, 2010. The case was assigned Docket Number 10-1118. Thereafter, on October 12, 2010, Burgess sent a motion for a writ of mandamus to this Court that he intended to be filed in the Sixth Circuit case (10-1118). However, the clerk mistakenly docketed the motion as a separate case (Docket No. 10-2374). Burgess also paid the $450 filing fee in the Sixth Circuit on November 8, 2010.

Burgess also asserts that he complied with the Clerk's Office directives to mail a copy of his motion for a writ of mandamus to the District Court for the Eastern District of Michigan and opposing counsel; however, when the District Court in Michigan received the copy, the case was transferred to the District of Massachusetts and opened as a new civil action (the present action). He also alleges that he sent the $5.00 filing fee for this action on December 20, 2010.

Burgess now requests the Court correct the "clerical" errors by directing the clerk of this Court to "return" the motion for writ of mandamus to the Sixth Circuit. He also seeks a refund of the $450 filing fee paid to the Sixth Circuit and a refund of the $5.00 paid to this Court.

Subsequently, Burgess filed a notice seeking to withdraw his Objection to Order and Motion to Correct Error. In that notice, he stated that the Sixth Circuit had restated its previous opinion that the action should be construed as a habeas petition in this Court. In light of that decision, Burgess now seeks to proceed in this matter as if it were a habeas corpus action.

In light of Burgess's stated intent to proceed with this action as a habeas petition, the Court will take the following actions:

1. To the extent that Burgess seeks a refund of the $5.00 filing fee paid for the present action, the request is DENIED.

2. To the extent that Burgess seeks an order directing this the clerk of this Court to "return" the Motion for Writ of Mandamus to the Sixth Circuit, the request is DENIED. Burgess is responsible for filing his motion with the Sixth Circuit Clerk's Office.

3. To the extent Burgess seeks an order for a refund of the $450 paid to the Sixth Circuit Clerk's Office, the request is DENIED. Burgess may seek such relief directly with that office.

4. Warden Jeffrey Grondolsky shall be the sole respondent in this action. The Clerk shall terminate the United States as a party to this action and substitute Warden Grondolsky on the docket.

5. The Clerk of this Court shall serve a copy of the petition upon (1) Jeffrey Grondolsky, Warden, FMC Devens, P.O. Box 880, Ayer, Massachusetts 01432; and (2) the United States Attorney for the District of Massachusetts.

6. The respondent shall, within 21 days of receipt of this order, file an answer or other responsive pleading. The answer (or other responsive pleading) must also include a statement notifying this Court of the existence of any victim or victims as defined by 18 U.S.C. § 3771.

**So Ordered.**

/s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge

Dated: February 3, 2011