UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEFFERSON JOSEPH BURGESS, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. |
| v. | ) ) | 10-12014-FDS |
| JEFFREY GRONDOLSKY, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On November 15, 2010, petitioner Jefferson Joseph Burgess, a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of mandamus. Burgess seeks an order directing the Federal Bureau of Prisons ("BOP") to release him from confinement, or, in the alternative, that a hearing be held either by this Court or the United States Parole Commission to determine his eligibility for release. Burgess asserts that, based on his time served, he was properly paroled in 1997, or alternatively, he was required to be paroled in 2002. On March 30, 2011, respondent, Jeffrey Grondolsky, Warden at FMC Devens, filed a motion to dismiss. For the reasons set forth below, the petition will be denied and the motion to dismiss will be granted.

**I.     Factual Background**

On September 25, 1987, petitioner was arrested on an indictment charging him with (1) conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 46 (Count One); aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); and (3) unlawful use of a communication

facility in violation of 21 U.S.C. § 843(b) (Count Three).  The charged offenses were committed in September 1987.  Petitioner was convicted on all three counts and sentenced to 45 years for Count One, 45 years for Count Two and 4 years for Count Three, to be served concurrently.  Although Count Two was a non-parolable sentence, petitioner was incorrectly paroled on September 24, 1997, after accounting for time off for good conduct and time served.

On May 11, 2001, federal authorities arrested petitioner for violation of his parole.  Around January 30, 2002, an audit discovered that petitioner was not eligible for parole on Count Two and the BOP recalculated his sentence and determined petitioner's mandatory release date to be September 27, 2013.  This includes time spent on parole and reduced time for good conduct and time served.

On April 3, 2003, petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner argued that the BOP was bound by its previous mistake as to his eligibility for parole and was estopped from denying it and that his due process rights were violated by the BOP when it corrected the error.  On July 6, 2004, District Judge Rya W. Zobel dismissed the petition, ruling that petitioner was not eligible for parole under the sentencing statute and that he could not estop the BOP from correcting the error.  On appeal, the First Circuit affirmed, finding the estoppel argument unavailing, and holding that the proper vehicle for a claim challenging the constitutionality of his sentence was a 28 U.S.C. § 2255 petition filed with the sentencing court.  The First Circuit went on to note that even treating petitioner's claims as a § 2241 challenge, his claims for parole eligibility were without merit.

On August 24, 2004, petitioner filed a civil complaint against the BOP alleging that he had improperly been denied parole.  On January 14, 2005, Judge Zobel dismissed the case without prejudice, as the claim was not cognizable as a civil action and the proper challenge

would be a § 2241 habeas petition.

On February 19, 2009, petitioner filed a new petition for a writ of habeas corpus under § 2241. Petitioner made three arguments: (1) that the BOP incorrectly calculated and failed to credit the amount of good time; (2) that the sentence for aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), was subject to parole and mandatory release after serving two-thirds of the sentence, under 18 U.S.C. §§ 4206(d) (repealed), 4164 (repealed), 4205(g) (repealed); and (3) that the BOP failed to conduct a hearing as required under 28 C.F.R. § 2.53.

On October 18, 2010, Magistrate Judge Marianne Bowler granted defendant's motion for summary judgment and dismissed the petition. The Magistrate Judge determined that the BOP had calculated the sentence correctly and that the regulations requiring a hearing did not apply to petitioner, or alternatively, he was not entitled to a hearing under the regulations. In addressing petitioner's claim of eligibility for parole, the Magistrate Judge found that the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207 (the "ADAA") rendered him ineligible for parole for the sentence under Count Two.

On February 1, 2010, petitioner filed a civil action against Warden Grondolsky, contending that he was eligible for release under the "Elderly Offender Home Detention Pilot Program" under which offenders would be eligible for home detention after serving 75% of the term of imprisonment. He contended that term of imprisonment meant time actually served when good-time credits are counted, and that therefore he had completed over 75% of his sentence. On February 5, 2010, District Judge Patti B. Saris issued an order that the case be construed as a habeas petition under § 2241. On January 31, 2011, Judge Saris dismissed the case upon determining that "term of imprisonment" meant the term of years imposed by the

judge at the time of sentencing.

## II.     Procedural Background

The present petition was originally filed in the United States District Court for the Eastern District of Michigan. The petition contends that under the 1987 parole plan, a prisoner is eligible for parole after serving one-third of his sentence, or after serving ten years of a sentence of more than thirty years. Petitioner therefore argues that he was correctly paroled in 1997 after serving ten years. Alternatively, he contends that he was eligible for parole in 2002, after serving fifteen years, or one-third of his forty-five year sentence.

On November 17, 2010, Magistrate Judge R. Steven Whalen issued an order transferring the case to the District of Massachusetts, on the grounds that, although petitioner brought the case as a mandamus action with a request for a parole hearing, the matter should be construed as a habeas petition pursuant to 28 U.S.C. § 2241, as petitioner is challenging the execution of his federal sentence. As a habeas petition, the Eastern District of Michigan lacked jurisdiction because petitioner's immediate custodian is located within the District of Massachusetts.

On December 15, 2010, this Court ordered that petitioner's writ be construed as a habeas petition pursuant to 28 U.S.C. § 2241. On February 3, 2011, this Court ordered that the FMC Devens Warden Jeffrey Grondolsky be the sole respondent in this action and terminated the United States as a party.

## III.    Analysis

Under 28 U.S.C. 2244(a), "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas

corpus . . . ."

Petitioner filed a previous habeas petition, in which he contended that he was eligible for parole and mandatory release after serving two-thirds of his sentence under 18 U.S.C. §§ 4206(d) (repealed), 4164 (repealed), 4205(g) (repealed).  In rejecting that argument, Magistrate Judge Bowler concluded that the ADAA, which took effect on October 27, 1986, amended 18 U.S.C. § 841(b)(1) and rendered him ineligible for parole for the sentence imposed under Count Two.  *Burgess v. Sabol*, 2010 WL 4103708, at *5 (D. Mass. Oct. 18, 2010).  In his current petition, petitioner does not cite the statutory authority that he believes would make him eligible for parole, but the time to argue the issue has passed.  Petitioner already had an opportunity to litigate his eligibility for parole in his 2009 petition and received a full hearing on the merits.[1]

In his opposition to the motion to dismiss, petitioner seems to raise a new argument.  He contends that "the issue is the proper sentence pursuant to 18 U.S.C. § 4201 thru 4218."  Petitioner argues that his sentence was longer than he properly should have received under 18 U.S.C. § 4205.  In substance, therefore, petitioner contends that his sentence is invalid.  Such an argument should be raised in a § 2255 habeas petition filed with the sentencing court.  *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999).  Furthermore, that argument was not raised in the petition filed on November 15, 2010.  Parties bear an obligation to raise arguments seasonably and to plead them clearly and distinctly.  *United States v. Slade*, 980 F.2d 27, 30-31 (1992); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Co.*, 840 F.2d 985 (1988) (holding that an argument first raised in an opposition memorandum was not properly pleaded).

---

[1] Petitioner himself seems to recognize that the availability of parole is settled.  In his opposition to the motion to dismiss, petitioner states "Parole is not the issue . . . ."  (Petitioner's Opp.).

This Court will therefore dismiss that argument without reaching the merits.[2]

## IV.    Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED and the respondent's motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor<br>
F. Dennis Saylor IV<br>
United States District Judge

Dated:  October 18, 2011

---

[2] Finally, and in any event, even if that argument were properly before the Court, the petition would still be denied. That argument was previously denied as part of the 2009 petition. The Magistrate Judge determined the ADAA was the proper statute under which petitioner was sentenced. Thus, the applicability of the ADAA to petitioner's sentence was already considered on the merits.